**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

**DEC 8 1997**

FOR THE TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

LOU E. SEYMORE,

        Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,*

        Defendant-Appellee.

No. 97-5068
(D.C. No. 96-CV-178-M)
(N.D. Okla.)

ORDER AND JUDGMENT**

Before KELLY, McKAY, and BRISCOE, Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

\*     Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for Shirley S. Chater, former Commissioner of Social Security, as the defendant in this action.

\*\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Lou E. Seymore appeals from the district court's judgment affirming the Commissioner's decision denying her claim for disability insurance benefits at step five of the five-part process for determining disability, see 20 C.F.R. § 404.1520.  In what now stands as the final decision of the Commissioner, the administrative law judge determined that claimant had an adjustment disorder and depression, but no exertional limitations, and that while she could not return to her past relevant work, she retained the functional capacity to perform the nonexertional requirements of work except for work requiring more than minimal contact with the public or co-workers and work in a stressful environment.  Relying on a vocational expert's testimony, the ALJ found that there were janitorial and clerical jobs available that claimant could perform with these limitations and thus found her not to be disabled.  We review the Commissioner's decision to determine whether factual findings are supported by substantial evidence and whether correct legal standards were applied. See Winfrey v. Chater, 92 F.3d 1017, 1019 (10th Cir. 1996).

Claimant first contends that the ALJ erred by ignoring an opinion by a nonexamining state agency psychologist, Dr. Boon.  Claimant contends the ALJ must have ignored the opinion because he did not specifically refer to it in his decision, which claimant contends is required by Social Security Ruling 96-6p, 1996 WL 374180 (July 2, 1996).  Although claimant concedes that the ALJ's

2

findings are consistent with most of Dr. Boon's opinion, she contends that the ALJ's findings are inconsistent with the psychologist's opinion regarding her problems with maintaining attention and decompensating. On the Psychiatric Review Technique form Dr. Boon prepared, she indicated, without giving any basis for her opinion, that claimant had deficiencies in concentration, persistence or pace "often" and had episodes of decompensation or deterioration in work-like settings "once or twice." On the PRT form the ALJ prepared, he rated the degree of limitation in these areas as "seldom" and "never" respectively. Claimant does not contend that the ALJ's findings are not supported by substantial evidence, but contends that had the ALJ considered Dr. Boon's opinion, his findings might have been different.

While it would have been preferable for the ALJ to have specifically addressed Dr. Boon's opinion in his decision, we conclude that given the complete lack of any reference to objective findings, the failure to do so in this case is not reversible error. The ALJ's decision states that he considered all evidence in the record even if not specifically cited in the decision, and the fact that his decision is consistent with most of Dr. Boon's opinion is some indication that he did consider her opinion. See Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498-99 (10th Cir. 1992) (rejecting contention that ALJ did not adequately consider nonmedical evidence of disabling pain; "[t]he ALJ

3

stated that he considered all of the evidence; his reliance on medical findings does not allow us to assume otherwise"); Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996) ("The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence.").

Claimant next contends that the ALJ ignored the opinion of her treating therapists who rated her Global Assessment of Functioning (GAF) at 45, which she contends indicates "a mental impairment which, by definition, causes serious symptoms or a serious impairment in functioning of a type which seriously interfered with a person's ability to keep a job." Appellant's Br. at 18. The GAF scale defines the range from 41 to 50 as follows: "Serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Appellant's App. Vol. II at 11 (bolding deleted). Contrary to claimant's contention, a GAF rating of 45 may indicate problems that do not necessarily relate to the ability to hold a job; thus, standing alone without further narrative explanation, the rating of 45 does not evidence an impairment seriously interfering with claimant's ability to work. As the ALJ noted, none of the therapists who rated claimant's GAF indicated that she could not work or that her problems interfered with her ability to keep a job. Thus, the ALJ did not improperly ignore relevant evidence from claimant's treating therapists.

Finally, claimant contends that the ALJ erred by failing to establish that claimant was able to perform work on a sustained basis consistent with competitive employment. This argument is based primarily on claimant's contentions we have rejected above regarding the ALJ's failure to properly consider Dr. Boon's opinion and the GAF rating. The ALJ noted that claimant had been working sporadically, had been seeking work through her union, and was successfully attending school full time. This evidence supports the ALJ's finding that claimant can work on a sustained basis.

The judgment of the district court is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

5