**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 7 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JEANETTE P. TIGER,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,[*]

      Defendant-Appellee.

No. 97-5134
(D.C. No. 96-CV-353-W)
(N.D. Okla.)

---

ORDER AND JUDGMENT[**]

---

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]    Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for John J. Callahan, former Acting Commissioner of Social Security, as the defendant in this action.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

In 1992, claimant Jeanette P. Tiger filed an application for supplemental security income benefits under Title XVI of the Social Security Act, alleging disability since September of 1991 as a result of asthma and nervous tension.  Her application was denied administratively, both initially and upon reconsideration.  After a hearing, an administration law judge (ALJ) determined that claimant was not disabled under the Social Security Act.  His decision became the final decision of the agency when the Appeals Council denied claimant's request for review.  The district court affirmed the denial of benefits, and claimant now appeals.  Our jurisdiction arises under 42 U.S.C. § 405(g).  Because we conclude that both the district court and ALJ committed legal error, we reverse and remand for further agency proceedings.

To qualify for disability benefits, claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The agency has established a five-step sequential test for evaluating a disability.  See 20 C.F.R. § 416.920; see also Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (detailing five

steps). Here, the ALJ determined, at step two of the sequential analysis, that claimant's alleged mental impairments were not severe and, at step four of the sequential analysis, that her asthma did not preclude her from performing her past relevant work. On appeal, claimant raises two main issues with regard to her alleged mental impairments. First, she contends that the ALJ's step two determination that her mental impairments are not severe is not supported by substantial evidence in the record. Specifically, she contends that the ALJ's analysis at this step ignored pertinent record evidence regarding her mental limitations and misconstrued other evidence of record. She also asserts that the ALJ substituted his own opinion for that of medical experts.

The ALJ, in reaching his determination that claimant's mental impairments are not severe, relied on a report by psychiatrist Dr. Dean assessing claimant's mental status. He summarized Dr. Dean's diagnosis that claimant suffered from generalized anxiety disorder, mixed personality disorder and major depression, but then discussed certain observations by Dr. Dean which would seem to diminish that diagnosis. He noted, for example, that Dr. Dean found claimant to be "friendly, appropriate, and well grounded in reality," and that she "demonstrated no unusual behavior." Appellant's App., Vol. II, at 17. Dr. Dean did not fill out a Psychiatric Review Technique (PRT) or comparable form assessing claimant's residual functional capacity in light of his diagnosis. The

-3-

ALJ, without discussing or mentioning any other medical evidence, ultimately concluded that claimant "can concentrate, understand, remember, and carry out instructions. She can use judgment, respond to supervision and co-workers, deal with usual work setting and routine changes." Id. As required by agency regulation, the ALJ filled out a PRT form concluding that claimant had no severe mental impairments. See Cruse v. United States Dep't of Health & Human Servs., 49 F.3d 614, 617 (10th Cir. 1995).

First, we agree with appellant that the ALJ apparently did not consider other record evidence regarding claimant's alleged mental impairments. Dr. Carolyn Goodrich, an agency psychologist, filled out a PRT form and a Mental Residual Functional Capacity form after a review of claimant's medical records, including the psychiatric report from Dr. Dean. Based on the three points in Dr. Dean's diagnosis, Dr. Goodrich concluded that claimant had a severe mental impairment which required further assessment of her mental residual functional capacity. Id. at 37. Dr. Goodrich concluded that claimant's mental impairments resulted in some functional limitations, including marked limitations in her abilities to understand, remember, and carry out detailed instructions, and to interact appropriately with the general public. Id. at 45-46. Dr. Goodrich added the following hand-written notes under "Functional Capacity Assessment:" "Claimant can understand & perform simple tasks. She can interact appropriately

with co-workers & supervisors, but not the general public.  She can adapt to a work situation." Id. at 47.  Dr. Goodrich's assessment of claimant was reviewed and affirmed by another agency psychologist, Dr. Smallwood.  Id.  Nowhere in his decision did the ALJ mention, discuss, or weigh Dr. Goodrich's findings or opinions.

Social Security Ruling 96-6p states that findings regarding the nature and severity of an impairment made by state agency consultants and other program physicians and psychologists "must be treated as expert opinion evidence of nonexamining sources."  Soc. Sec. Rul. 96-8p, 1996 WL 374180, at *1.  Further, ALJs "may not ignore these opinions and must explain the weight given to these opinions in their decisions."  Id.  Dr. Goodrich's assessment of claimant's mental capabilities was contrary in some respects to the ultimate conclusions reached by the ALJ in this case.  The ALJ's failure to discuss and weigh this record expert medical evidence violated the requirements of Soc. Sec. Rul. 96-6p and undermined the ALJ's ultimate conclusions regarding claimant's alleged mental impairments.[1]

---

[1]    We also note that the district court erred in concluding that the ALJ was not required to discuss this evidence.  See Appellant's App., Vol. I, at 13.  "The agency's rulings are binding on an ALJ."  Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).

Finally, we also agree with claimant that Dr. Dean's report does not support the ALJ's conclusions. Dr. Dean did not discuss or opine how claimant's mental limitations might affect her residual functional capacity or her ability to perform a job. Therefore, to the extent that the ALJ made findings about claimant's mental limitations while appearing to rely solely on Dr. Dean's report, he did so without supporting evidence. An ALJ cannot substitute his own opinion for medical opinion. <u>See</u> <u>Sisco v. United States Dep't of Health & Human Servs.</u>, 10 F.3d 739, 744 (10th Cir. 1993).

Because we conclude that the ALJ erred at step two in reaching his conclusion that claimant's mental impairments were not severe, we need not reach claimant's second issue: a challenge to the ALJ's step four determination that she could return to her past relevant work. We note, however, that at step four even nonsevere impairments should be taken into consideration in combination with

any severe impairments.  <u>See</u> Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *5.  The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED and the case REMANDED with a direction that the district court remand the case to the agency for further proceedings.

Entered for the Court


James E. Barrett
Senior Circuit Judge