**Chester R. RIDGE, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

**No. 97–1487–JTM.**

United States District Court, D. Kansas.

July 31, 1998.

David H.M. Gray, Gragert, Hiebert & Gray, Wichita, KS, for Plaintiff.

Stephen K. Lester, Emily B. Metzger, Office of U.S. Attorney, Wichita, KS, for Defendant.

## MEMORANDUM AND ORDER

MARTEN, District Judge.

Chester R. Ridge petitioned for review of the final decision of the Commissioner of Social Security denying his applications for disability insurance and supplemental security income benefits. In response, the Commissioner asks the court to reverse and remand this case pursuant to sentence four of 42 U.S.C. § 405(g), so the Commissioner can evaluate whether Ridge's use of alcohol is material to his claim of disability and the impact of Ridge's bypass surgery on his disability. Ridge argues that the case should be reversed and remanded with directions to award benefits.

Ridge applied for benefits in March 1995.[1] He alleged an onset of disability of July 1, 1991. Ridge's applications were denied initially and on reconsideration. Ridge petitioned for review by an Administrative Law Judge (ALJ) on October 18, 1995. The ALJ held a hearing on June 25, 1996 and denied benefits on August 10, 1996. Ridge asked the Appeals Council to review the decision on September 23, 1996. The Appeals Council denied review on September 11, 1997.

When the Appeals Council denied review, the decision of the ALJ denying benefits became the final decision of the Commissioner and subject to judicial review. *Andrade v. Secretary of Health and Human Services,* 985 F.2d 1045, 1047 (10th Cir.1993). This court reviews the Commissioner's decision to determine whether it is supported by substantial evidence and whether the Commissioner applied the correct legal standards. *Washington v. Shalala,* 37 F.3d 1437, 1439 (10th Cir.1994).

■ A determination of whether the Commissioner's decision is supported by sub-

---

1. The records indicate Ridge applied for benefits on either March 8, or March 21, 1995.

stantial evidence must be based upon the record taken as a whole. The court must meticulously examine the record to determine whether the evidence in support of the Commissioner's decision is substantial and take into account whatever in the record fairly detracts from its weight. *Id.* In addition, failure to apply the correct legal standards or to provide the court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal. *Id.* When the Appeals Council denies review, any evidence submitted to the Appeals Council must be considered as part of the record by the reviewing court. *O'Dell v. Shalala,* 44 F.3d 855, 859 (10th Cir.1994).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. *Williams v. Bowen,* 844 F.2d 748, 750–51 (10th Cir.1988) (citing 20 C.F.R. § 404.1520). The process stops if the Commissioner is able to determine at a particular step that a claimant is, or is not, disabled.

In step one, the Commissioner determines whether the claimant is presently engaged in substantial gainful activity. If a claimant engages in such activity, the claimant is not disabled. *Williams,* 844 F.2d at 750–51. Here, the ALJ determined Ridge was not engaged in substantial gainful activity after December 1994; he does not resolve the question of whether Ridge was engaged in substantial gainful activity prior to December 1994. Ridge argues his income was insufficient to meet the definition of substantial gainful activity in 1994.

In step two, the Commissioner determines whether the claimant has a medically severe impairment or combination of impairments. If the claimant's medical impairments are not severe, the claimant is not disabled. *Id.* The ALJ determined that Ridge had medically severe impairments based on evidence of cardiac and circulatory problems, a personality disorder and a history of drug abuse.

Next, the Commissioner determines whether the impairments are equivalent to one of a number of listed impairments. If the impairment is found to be equivalent to a listed impairment, the claimant is considered disabled. *Id.* The ALJ found Ridge's impair-

ments were not equivalent to one of the listed impairments. Ridge argues this finding was incorrect because his mental impairments met or equaled a listed impairment.

In the fourth step, the claimant must come forward with proof that the impairment prevents work of a type the claimant has performed in the past. *Id.* The ALJ found Ridge was unable to perform his past relevant work. At this point, Ridge established a prima facie case of disability. *Id.*

Once a claimant establishes a prima facie case of disability, the burden shifts to the Commissioner to show in the fifth and final step that the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of his age, education and work experience. *Id.* The ALJ found Ridge had the residual functional capacity to perform light work of an unskilled nature and sedentary work of an unskilled nature. The ALJ further found that alcoholism played a material role in Ridge's non-physical impairments, and thus Ridge would be ineligible for benefits based on his non-physical impairments. Ridge argues the ALJ failed to follow the correct procedures at step five and his finding that Ridge has the residual functional capacity to perform light work of an unskilled nature is not supported by substantial evidence in the record.

The court has reviewed the record and finds the ALJ failed to follow the correct procedures at steps three and five and that his decisions are not supported by substantial evidence when the record is viewed as a whole.

At step three, the ALJ ignored psychiatric review technique (PRT) assessments prepared by Dr. Charlton J. Lindgren, M.D., a consultant with the state agency. For some unexplained reason, Lindgren prepared two PRT's for Ridge on December 15, 1995. In the first PRT, Lindgren determined that Ridge's condition equaled listing 12.02. Lindgren discounted Ridge's alcohol and drug abuse, finding that Ridge's alcoholism was not material because he would still be disabled even if he stopped drinking. Lundgren's second PRT concluded that a residual functional assessment was necessary because

Ridge's condition did not meet or equal a listed impairment. The ALJ makes no mention of either PRT and does not explain why Lundgren's opinions that Ridge's condition equaled listing 12.02 and that his alcoholism was not material to this determination were incorrect.

■ Social security rulings are binding on an ALJ. *Nielson v. Sullivan*, 992 F.2d 1118, 1121–22 (10th Cir.1993). Ruling 96–6p requires an ALJ to treat the fact findings of state agency medical and psychological consultants as non-examining expert opinion evidence. Ruling 96–8p provides that an ALJ may not ignore these opinions and must explain the weight given to these opinions in their decisions. *Tiger v. Apfel*, 141 F.3d 1186, 1998 WL 166246 (10th Cir.1998) (table). In two unpublished opinions the Tenth Circuit has addressed the impact of an ALJ's failure to discuss the opinion of a state agency's consultant in a decision denying benefits. In Tiger, supra, the Tenth Circuit reversed the Commissioner's decision where the ALJ failed to discuss a consultant's opinion that was partially contrary to the ALJ's decision. In *Seymore v. Apfel*, 131 F.3d 152, 1997 WL 755386 (10th Cir.1997) (table), the Tenth Circuit noted that it would have been preferable for the ALJ to discuss the consultant's opinion but held reversal was not required where the ALJ stated he had considered all the evidence and the consultant's opinion was for the most part consistent with the ALJ's decision.

Here, the ALJ's decision is contrary to the decision reached by the consultant and the ALJ failed to discuss the consultant's findings. Furthermore, the consultant's PRT contains a discussion of the basis for his findings. The facts of this case are closer to those of Tiger than Seymore and reversal is appropriate.

■ Additionally, at step five the ALJ determined that Ridge was disabled based on his cardiac condition. However, the ALJ determined that this disability had not lasted and was not expected to last for one year. In making this determination, the ALJ rejected the opinions of Ridge's treating cardiologist and his primary care physician that Ridge's cardiac condition would have pre-

vented him from working for the past two years.

Ridge was examined by Dr. Chris Brunner in March 1993 after complaining of chest pain. Brunner's report included a statement that Ridge's "EKG shows Q waves and leads V1 and V2 with no signs of hypertrophy or acute ischemia." Dr. Brunner recommended a follow-up stress echocardiogram, which Ridge did not take. In February 1996, Ridge again sought treatment for chest pain.

A heart catherization report in May 1996 showed significant coronary occlusive disease. Dr. Roger Bond, Ridge's cardiologist, concluded in June 1996 that Ridge had been unable to perform any work and had been totally disabled for at least four years, based upon the history provided by Ridge. Dr. Bond said he found the history to be very accurate. In September 1996, Dr. Bond opined that Ridge had been fully disabled for at least two years. Also in September 1996, Dr. Sheryl Hemmen, Ridge's physician, expressed the opinion that Ridge's disability had lasted at least two years based upon the degree of the disease and his impressive symptoms.

Relying on the statement in the report of Ridge's 1993 EKG and his next visit to a physician for heart-related complaints, the ALJ determined that Ridge could not have been disabled based on his heart disease prior to January 1996. Without citing any medical evidence, the ALJ determined that Ridge's surgery would lead to a full recovery by the end of 1996. Thus, the ALJ determined that Ridge's heart condition was not expected to be disabling for a period of at least one year. The ALJ improperly substituted his own opinion for that of Ridge's treating physicians. *See Reid v. Chater*, 71 F.3d 372, 374 (10th Cir.1995) (suggesting that if a treating physician expresses an opinion as to whether a claimant was disabled during a certain time period, the opinion should normally be given controlling weight).

Under the circumstances, the court finds remand for an award of benefits is proper. The ALJ determined that Ridge did not engage in substantial gainful activity after December 1994. However, he did not deter-

mine whether Ridge engaged in substantial gainful activity before that date. Ridge argues there is evidence of disability and a lack of substantial gainful activity from May 1994. The court agrees. At step five, the Commissioner has the burden of establishing that a claimant is not disabled. To the extent the Commissioner believes Ridge is no longer disabled, the Commissioner may commence proceedings to terminate Ridge's benefits. The court need not consider Ridge's other allegations of error.

IT IS ACCORDINGLY ORDERED this 31st day of July, 1998, that the decision of the Commissioner is reversed and remanded with directions to award Ridge benefits with a disability onset day of June 1, 1994.