Naomi E. JOHNSON–WINBORN, Plaintiff,

v.

Kenneth S. APFEL, Commissioner of Social Security, Defendant.

No. Civ.A. 99–4019–DES.

United States District Court, D. Kansas.

July 7, 2000.

Steven M. Tilton, Tilton & Tilton, LLP, Topeka, KS, for Naomi E Johnson–Winborn, plaintiff.

Jackie A. Rapstine, Office of United States Attorney, Topeka, KS, for Social Security, Commissioner of, Kenneth F. Apfel, defendant.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on Defendant's Motion to Remand (Doc. 14). Defendant requests the court to reverse and remand this case pursuant to Title 42 of the United States Code § 405(g) which provides, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g), Sentence Four. Plaintiff objects to remanding the case to the commissioner and requests an immediate award of benefits. For the following reasons, the court reverses and remands the case to the commissioner for a determination consistent with this opinion.

Defendant argues remand will correct three deficiencies in the ALJ's decision. First, the ALJ will properly evaluate plaintiff's residual functional capacity taking into account and incorporating his findings on the Psychiatric Review Technique Form. Second, the ALJ will elicit the testimony of a vocational expert. Finally, the ALJ will evaluate plaintiff's prescription drug addiction in accordance with Public Law 104–121 and consider the opinion of two state agency physicians who opined that plaintiff's drug addition was material.

## I. ALJ's Findings on the Psychiatric Review Technique Form ("PRTF")

■ Defendant argues this case should be reversed and remanded because the ALJ did not incorporate his findings on the PRTF in his decision. Specifically, the ALJ did not incorporate his finding on the PRTF that plaintiff "often" had deficiencies in concentration, persistence, or pace, which is a nonexertional impairment significantly affecting the full range of light work. 20 C.F.R. §§ 404.1520a, 416.920a. The ALJ also failed to incorporate his findings on the PRTF that plaintiff had "moderate" restrictions of activities in daily living and "slight" difficulties maintaining social functioning.

In his decision, the ALJ states "[plaintiff's] capacity for the full range of light work has not been significantly compromised by additional nonexertional limitations." Plaintiff argues that this statement demonstrates that the ALJ incorporated his findings on the PRTF. However, a review of the ALJ's decision reveals the ALJ did not discuss his findings or the rationale for his findings regarding the severity of plaintiff's mental impairment. The regulations require an ALJ to include in his decision his rationale for reaching conclusions regarding the severity of mental impairment. 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). In addition, if the ALJ properly incorporated the PRTF findings in his decision, he would have concluded that plaintiff "often" had deficiencies in concentration, persistence, or pace significantly affected the full range of light work and he would not have relied on the medical vocational guidelines. Because the ALJ did not explain his findings regarding the severity of plaintiff's mental impairment and it is unclear whether the ALJ incorporated the PRTF into his decision, this case is appropriate for remand.

Plaintiff argues this case should be reversed and immediate benefits awarded because the ALJ's findings on the PRTF are not supported by substantial evidence and she meets Listing § 12.04. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.04 (1999). There are two parts to Listing § 12.04. Part A requires a medically documented persistence of either depressive syndrome, manic syndrome, or bipolar syndrome. Plaintiff has met Part A, as she has been diagnosed with major depression. Part B requires at least two of the following: marked restrictions of activities of daily living; marked difficulties in maintaining social functioning; frequent deficiencies of concentration, persistence, or pace; or repeated episodes of deterioration or decompensation in work-like settings. The ALJ did not find that plaintiff met any of the criteria for Part B.

At this stage in the proceedings, it is not necessary for the court to determine whether substantial evidence supports the ALJ's findings on the PRTF or whether plaintiff meets Listing § 12.04. As discussed above, the ALJ did not properly incorporate his findings regarding plaintiff's mental impairment in his decision and improperly used the medical vocational guidelines. As discussed below, the ALJ must evaluate plaintiff's prescription drug addition and discuss the state agency reviewing physicians' opinions that plaintiff's drug addiction was material. Upon remand, the ALJ's decision could be altered, making a determination of whether plaintiff met Listing § 12.04 by this court unnecessary. Therefore, the court will not determine whether substantial evidence supports the ALJ's findings on the PRTF.

## II. Vocational Expert Testimony

■ The ALJ did not elicit testimony from a vocational expert, instead he used the medical vocational guidelines as a framework to determine whether sufficient jobs were within plaintiff's residual functional capacity. "Resort to [the guidelines] is particularly inappropriate when evaluating nonexertional limitations such as pain and mental impairments." *Thompson v. Sullivan,* 987 F.2d 1482, 1485 (10th Cir.1993). "Whenever a claimant's residual functional capacity is diminished

by both exertional and nonexertional impairments, the [ALJ] must produce expert vocational testimony or other similar evidence to establish the existence of jobs in the national economy." *Hargis v. Sullivan*, 945 F.2d 1482, 1491 (10th Cir.1991). Defendant acknowledges the ALJ's reliance on the medical guidelines was improper because the plaintiff's nonexertional impairments did significantly impact her capacity for light work. Vocational expert testimony is necessary in this case. Upon remand, the ALJ shall elicit vocational expert testimony, taking into account all plaintiff's exertional and nonexertional limitations, to determine whether sufficient jobs exist within plaintiff's residual functional capacity.

### III. Materiality of Drug Abuse

■ It is unclear whether the ALJ evaluated evidence of plaintiff's addiction to prescription drugs. Congress passed legislation which eliminated alcoholism or drug addiction as a basis for obtaining social security benefits. This legislation provides, "[a]n individual shall not be considered to be disabled for purposes of this title if alcoholism or drug addiction would ... be a contributing factor material to the Commissioner's determination that the individual is disabled." Pub.L. No. 104–121 § 105(a)(1) (1996). The drug addiction is material if the individual would not still be found disabled if the drug use were to cease. 20 C.F.R. §§ 404.1535, 416.935 (1999). The ALJ does not discuss whether he found plaintiff's prescription drug addiction to be material.

■ Plaintiff asserts that because the ALJ did not discuss her prescription drug addiction, he obviously did not consider it to be material. However, the ALJ must follow the social security rulings ("SSR") *Nielson v. Sullivan*, 992 F.2d 1118, 1121–22 (10th Cir.1993). Two state agency reviewing physicians opined that plaintiff's drug addiction was a material factor. SSR 96–6p requires an ALJ to treat the fact findings of a state agency reviewing physician as non-examining expert opinion. Although the opinions do not have to be

accepted by the ALJ, the ALJ cannot simply ignore them. SSR 96–8p requires the ALJ to consider the opinions of the reviewing physicians and explain the weight given to these opinions. Because the ALJ failed to discuss the reviewing physicians' opinions, this case is appropriate for reversal and remand. *See Ridge v. Apfel*, 15 F.Supp.2d 1086, 1089 (D.Kan.1998).

**IT IS THEREFORE BY THE COURT ORDERED** that Defendant's Motion to Remand (Doc. 14) is granted. This case is reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for a determination consistent with this opinion.