**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DANNY R. SCULL,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security,

      Defendant-Appellee.

No. 99-7106
(D.C. No. 98-CV-467-B)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA**, **EBEL**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Danny R. Scull appeals from a district court order affirming the Commissioner's decision to deny Supplemental Security Income benefits. We review the Commissioner's decision to determine whether it is supported by substantial evidence and adheres to applicable legal standards. *See Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996). "The scope of our review, however, is limited to the issues the claimant properly preserves in the district court and adequately presents on appeal." *Id.* We reject the two arguments advanced by plaintiff on appeal and, accordingly, affirm.

Plaintiff alleged disability due to a combination of physical impairments, including pain in his back, knees, and right arm, and mental limitations, involving depression and borderline intelligence. The administrative law judge determined plaintiff had the residual functional capacity (RFC) for a full range of medium work, albeit limited to simple, unskilled tasks. Based on a series of occupations satisfying this description identified by a vocational expert, the ALJ concluded plaintiff was not disabled at step five of the controlling test and denied benefits accordingly.

Plaintiff challenges the ALJ's decision on two grounds. First, he argues that the RFC determination is undercut by the ALJ's failure to order x-rays in conjunction with a consultative medical examination obtained from Dr. Neil Miller. Specifically, he contends x-rays were necessary to confirm Dr. Miller's

suggested diagnosis of arthritis. The particular focus of this objection undercuts its materiality–disability determinations turn on the functional consequences, not the causes, of a claimant's condition, and "[t]he mere diagnosis of arthritis, of course, says nothing about the severity of the condition," *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). We have on a number of occasions recognized this dispositive gap between diagnostic evidence per se and the requisite showing of consequent impairment. *See, e.g.*, *Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995).

In any event, the ALJ did not deny benefits because of doubts about the diagnosis of arthritis–indeed, the ALJ recognized "probable osteoarthritis" as an impairment at step two, assessed that impairment against the listing criteria for arthritis at step three, and determined plaintiff's RFC for steps four and five by reference to symptoms relating to the condition. Rather, the ALJ denied benefits because the medical record, including Dr. Miller's physical examination, demonstrated that any associated functional limitations were insufficient to preclude plaintiff from engaging in medium work. Under these circumstances, we cannot say obtaining x-rays to confirm the diagnosis of arthritis would have had "a material impact on the disability decision requiring further investigation." *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997) (establishing standard for ALJ's duty to develop record). Plaintiff's reliance on *Baker v. Bowen*,

886 F.2d 289, 291-92 (10th Cir. 1989), which held that an ALJ should have obtained x-rays before denying the *existence* of arthritis *on the ground that there were no x-rays to support such a diagnosis*, is misplaced.

Second, plaintiff insists the ALJ's assessment of his mental functioning is inconsistent with the conclusions of agency physicians who prepared a Psychiatric Review Technique (PRT) and a Mental Residual Functional Capacity Assessment (MRFC) form after reviewing the medical records. The ALJ's PRT differed in only two minor respects from the reviewers' PRT: where the ALJ found slight limitations on daily activities and no episodes of deterioration or decompensation, the reviewers found moderate limitations and one or two such episodes. This court has discounted similarly minor undiscussed discrepancies when, as here, the ALJ expressly indicated that all evidence had been considered. Moreover, the ALJ's consideration of the bare conclusions on the reviewers' PRT was clearly informed by the explanatory detail added by their accompanying MRFC, which indicated that for simple tasks plaintiff's mental functioning was not significantly limited in any respect. [1]

Again, plaintiff's reliance on a nominally contrary decision, *Tiger v. Apfel*, No. 97-5134, 1998 WL 166246 (10th Cir. April 7, 1998) (unpublished), turns out,

---

[1] This conclusion is also corroborated by the consultative examination report prepared by Gerald Ball, Ph.D., who tested plaintiff's cognitive capacity and confirmed his ability to handle simple instructions.

on closer review, to be misplaced. In *Tiger*, this court held that an ALJ erred in denying disability at step two for lack of a severe mental impairment without discussing a psychological reviewer's conclusion that the claimant was severely impaired in her ability to handle detailed instructions. In *Tiger*, unlike here, the reviewer's assessment on the PRT was not qualified by the MRFC, and both flatly contradicted the ALJ's dispositive conclusion about the claimant's impairment. *See id.* **1-**2.

Finally, plaintiff also points out that the reviewers' MRFC in this case noted a moderate limitation on plaintiff's ability to interact appropriately with the general public, a vocationally relevant fact omitted, without explanation, from the hypothetical posed by the ALJ to the vocational expert. However, most if not all of the six distinct jobs identified by the vocational expert clearly do not require interaction with the general public, as reflected by their respective descriptions in the Dictionary of Occupation Titles. Indeed, plaintiff has never suggested otherwise. Under the circumstances, the ALJ's silence on the matter of public interaction was simply immaterial to the outcome in the case.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge