**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 24 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARY A. GROHOSKE,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 00-7093
(D.C. No. 99-CV-510-P)
(Eastern District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and
**REAVLEY**, Senior Circuit Judge.[**]

---

This is a Social Security disability case wherein both the appellant, Mary A.

Grohoske ("Grohoske"), and the appellee, Kenneth S. Apfel, Commissioner, Social

Security Administration ("Commissioner"), have waived oral argument. We agree that

oral argument is not necessary and accordingly it is ordered that the case be submitted on

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable Thomas M. Reavley, Senior Circuit Judge, United States Court of
Appeals, Fifth Circuit, sitting by designation.

the briefs.

Grohoske filed a claim for disability benefits under the Social Security Act, 42 U.S.C. § 301, *et seq.* (the "Act"), with the Social Security Administration on December 8, 1993.[1] At that time she was approximately 42 years old and had a general equivalency diploma. Her past work included employment as a cashier at a truck stop and as a manager at a clothing store. She claimed that she had been disabled since about August, 1991, and suffered from back pain, asthma, depression, bladder problems, headaches and swelling feet. Her application and subsequent requests for reconsideration were administratively denied. On July 30, 1996, an Administrative Law Judge ("ALJ") held a hearing on her claim, at which the only witnesses were Grohoske and her friend, Suzanne Hightower. However, numerous hospital records and doctors' reports, as well as the record of the administrative proceedings, were before the ALJ. Grohoske was represented by her attorney at the hearing. On October 15, 1996, the ALJ issued a decision wherein he denied Grohoske's application for benefits.[2] The Appeals Council denied her request for review on July 23, 1999.

---

[1]Grohoske previously filed an application for disability benefits on August 21, 1991. An Administrative Law Judge denied her application on July 30, 1993, and no appeal was taken therefrom.

[2]The ALJ found that though Grohoske could no longer perform her past relevant work, she could perform a range of sedentary work based on Medical-Vocational Guidelines ("Grids") and therefore was not "disabled." 20 CFR § 404.1569; § 416.969; Pt. 404, Subpt. P, App. 2. For an exposition on the Grids, see *Trimiar v. Sullivan,* 966 F.2d 1326, 1332-33 (10th Cir. 1992).

On September 23, 1999, Grohoske filed an appeal of the Commissioner's decision in the United States District Court for the Eastern District of Oklahoma, pursuant to 42 U.S.C. § 405(g). In her complaint, Grohoske alleged that the Commissioner's decision denying her claim for Social Security benefits is not "in accordance with the law and is not supported by substantial evidence." The Commissioner filed an answer thereto, wherein he alleged that his decision was supported by substantial evidence and in accordance with 42 U.S.C. § 405(g). The case was referred to United States Magistrate Judge James Payne for disposition and on June 27, 2000, he entered an order wherein he affirmed the Commissioner's decision. Grohoske now appeals that decision to this court pursuant to 28 U.S.C. § 636(c)(3).

Our review of a district court's order affirming a decision of the Commissioner denying an application for Social Security benefits is a limited one. In *Casias v. Secretary of Health & Human Serv.,* 933 F.2d 799, 800-01 (10th Cir. 1991), we spoke as follows:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds

for reversal.  (Citations omitted.)

On appeal, counsel raises two issues: (1) whether the Commissioner failed to properly consider and address the "medical source opinions" of Dr. Farrell A. Hillman and Dr. Ernest E. Denny, and (2) whether the Commissioner should have consulted "a vocational expert regarding the erosion of claimant's limitations on the job base."[3] Counsel in this court, who did not represent Grohoske at the hearing before the ALJ, asks that we reverse the judgment of the district court and remand the case with instructions that the ALJ "properly consider and address the medical source opinions [of Drs. Hillman and Denny] and to determine the impact of those limitations on the unskilled sedentary occupational base."

It is true that the ALJ in his written decision did not mention either Dr. Hillman or Dr. Denny by name.  Both doctors were with a state agency and each had completed a Psychiatric Review Technique Form and a Mental Residual Functional Capacity Assessment and such were before the ALJ.  (It would appear that neither Dr. Hillman nor Dr. Denny had personally examined Grohoske.)  However, the fact that the ALJ did not identify Drs. Hillman and Denny by name in his order does not dictate a reversal by us. An ALJ is not required to make specific comment concerning all of the evidentiary matter

---

[3]Neither of these issues was mentioned in the complaint filed in district court, and, such being the case, they were not addressed by the magistrate judge in his order affirming the decision of the Commissioner.  Generally, matters not raised below may not be raised for the first time on appeal. *Tele-Communication, Inc. v. Comm'r,* 104 F.3d 1229, 1232 (10th Cir. 1997).

before him.  *See Seymore v. Apfel,* 131 F.3d 152, 1997 WL 755386 (10th Cir. 1997)(unpublished), citing with approval, *Clifton v. Chater,* 79 F.3d 1007, 1009-10 (10th Cir. 1996); *Hamilton v. Secretary of Health-Human Serv.,* 961 F.2d 1495, 1498-99 (10th Cir. 1992).    The issue of Grohoske's mental state (a non-extertional limitation) and the relation of such to her ability to perform sedentary work available in the national economy was thoroughly examined by the ALJ, and the opinions of Drs. Hillman and Denny (as well as others) were that Grohoske was capable of performing routine repetitive sedentary tasks.  And, in this regard, the ALJ found that although Grohoske was unable to perform her past relevant work, she nonetheless retained the residual functional capacity to perform sedentary work.  Such being the case, the ALJ's failure to identify Dr. Hillman and Dr. Denny by name in his decision is not fatal.[4]

Further, the fact that the ALJ, under the circumstances, did not consult a vocational expert and used the Grids, along with other evidentiary matter then before him, in his determination that Grohoske was not disabled within the meaning of the Act, does not dictate a reversal.  It would appear that at the hearing before the ALJ, no request was made that the ALJ consult a vocational expert nor was the matter raised before the Appeals Council.  See *Trimiar v. Sullivan,* 966 F.2d at 1333*,* and *Eggleston v. Bowen,* 851

---

[4]State agency findings are not binding upon an ALJ.  *Allison v. Heckler,* 711 F.2d 145, 148 (10th Cir. 1983), where we said "[t]he general rule is that 'the written reports of medical advisors who have not personally examined the claimant "deserve little weight in the overall evaluation of disability. . . .""'"

F.2d 1244, 1247 (10th Cir. 1988.)

Judgment affirmed.

Submitted for the Court,

Robert H. McWilliams
Senior Circuit Judge