59 F.3d 176
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Leroy ROEMMICK, Plainitiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health & Human Services,
Defendant-Appellee.
 No. 93-35606.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 9, 1995.*
Decided May 12, 1995.
 
 Before: HALL, O'SCANNLAIN, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leroy Roemmick appeals the judgment of the district court upholding the Secretary of Health and Human Service's denial of his claim for Supplemental Security Income benefits under Title XVI of the Social Security Act. Roemmick argues that the administrative law judge ("ALJ") improperly gave more weight to the opinion of Dr. Isabelle Moser, a non-examining psychologist, than to that of Dr. Frank G. Lahman, Roemmick's examining psychologist. Because we find that the Secretary's decision was supported by substantial evidence, we affirm.
 
 I.
 
 3
 Under 20 C.F.R. Sec. 416.927(d)(1), more weight is given to the opinion of an examining source than to that of a non-examining source. The report of a non-examining source, however, need not be discounted and may serve as substantial evidence when it is supported by other evidence in the record and is consistent with that evidence. Andrews v. Shalala, No. 93-35599, slip. op. at 5041 (9th Cir. May 1, 1995). See also Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990) (quoting Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984)) ("A report of a non-examining, non-treating physician should be discounted and is not substantial evidence when contradicted by all other evidence in the record.") (emphasis added)). The ALJ is obligated to give specific, legitimate reasons for rejecting the opinion of an examining psychologist in favor of a non-examining source's contradictory opinion where, as here, the latter's opinion "is not based on independent clinical findings, or [where it] rests on clinical findings also considered by the [examining source]." Andrews, slip. op. at 5040.
 
 II.
 
 4
 Roemmick argues that the ALJ's decision that he was only moderately limited in the area of social functioning and was therefore not disabled was based on the ALJ's failure to adequately credit Dr. Lahman's assessment of his mental residual functional capacities ("MRFC"). Dr. Lahman's opinion was contradicted by Dr. Moser, a non-examining psychologist who testified at Roemmick's hearing. Because Moser's opinion was not contradicted by all the other evidence in the record, we will uphold the ALJ's decision if he has given specific and legitimate reasons for discounting Lahman's opinion based on substantial evidence in the record.
 
 
 5
 As part of his evaluation, Dr. Lahman completed a form entitled "Medical Assessment of Ability to Do Work-Related Activities (Mental)." On that form, Lahman indicated that Roemmick had "no useful ability" to (1) interact with supervisors, (2) deal with work stresses, (3) behave in an emotionally stable manner, (4) relate predictably in social situations or (5) demonstrate reliability. Under questioning, vocational expert Patricia Lesh, testified that, assuming the accuracy of Lahman's assessment, Roemmick would not be employable.
 
 
 6
 As part of his evaluation, Lahman assigned Roemmick a Global Assessment of Functioning ("GAF") rating of 40, indicating "some impairment in reality testing or communication ... OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood...." Diagnostic and Statistical Manual of Mental Disorders, p. 12, Third Edition (1980).[1] On the written portion of the evaluation, Lahman indicated that Roemmick's score on the MMPI-2's "F" scale, which is a rough index of the severity of psychological distress, was so high that it was "presumptive evidence of gross overreporting of psychopathology." Lahman indicated that Roemmick's "main limitation to work activity includes a severe intolerance for frustration." Finally, Lahman indicated on the same form that "by his own statement, Mr. Roemmick attempts to do what he wants, when he wants to [and] without reasonable regard for the impact this will have on others."
 
 
 7
 Also part of the record are the opinions of non-examining psychologists Prasana Pati and Isabelle Moser. Pati indicated on an MRFC form that (1) Roemmick was moderately limited in his ability to accept instructions and respond appropriately to criticism from supervisors; (2) Roemmick was not significantly limited in his ability to respond appropriately to changes in the work setting; (3) Roemmick was not significantly limited to moderately limited in the area of social interaction; (4) there was no evidence of limitation in Roemmick's ability to perform activities within a schedule, to maintain regular attendance, and to be punctual within customary tolerances; and (5) Roemmick was not significantly limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms, and to perform at a consistent pace without an unreasonable number and length of rest periods.
 
 
 8
 Moser's responses on the MRFC form differed from Dr. Pati's in the following two respects. Moser indicated that (1) Roemmick's ability to perform activities within a schedule, to maintain regular attendance, and to be punctual within customary tolerances was moderately limited and (2) Roemmick was not significantly limited to moderately limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.
 
 
 9
 Moser also had the opportunity to question Roemmick at his hearing where Roemmick testified that he could perform a job that allowed him to concentrate on a task for a couple of hours at a time and then take a break, as long as the job was something he liked and was not very demanding. Roemmick also testified that he would work if he could find a job he liked, but that he could always find a woman who would take care of him.
 
 
 10
 The ALJ found that although Roemmick's impairments were severe, he retained the residual functional capacity to perform a limited range of light, non-complex work, reduced by limitations affecting his ability to work with others on a team basis and to be under close or constant supervision. In support of his conclusion, the ALJ accepted the opinions of Lahman and Moser that Roemmick is motivated only to do what he chooses, finding that Roemmick has "principally imposed his own limitations on the activities he wishes to pursue." Moser's opinion that Roemmick could work and could control his behavior if internally motivated to do so is supported by Roemmick's own testimony and by Lahman's assessment that Roemmick is motivated to do only what he wants to do. See Andrews, slip. op. at 5045 (claimant's own testimony constituted a specific and legitimate reason for rejecting examining psychologist's opinion in favor of non-examining source's opinion). Additionally, the ALJ found that Roemmick's reports of distress were lacking in credibility. "Credibility determinations are the province of the ALJ.... [A]n opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded, once those complaints have themselves been properly discounted)." Andrews, slip. op. at 5044 (citations omitted). In this regard, we note that Lahman indicated that Roemmick engaged in "gross overreporting of psychopathology" when measured for the severity of his psychological distress. Finally, we note that Moser's overall finding of no disability was also consistent with the written report of non-examining expert Dr. Pati. See Andrews, slip op. at 5045 (fact that non-examining source's opinion was consistent with reports of other non-examining sources constituted substantial evidence).
 
 
 11
 We are persuaded that the ALJ's finding that Roemmick would be capable of performing light, non-complex work involving minimal contact with others if he chose to do so was supported by substantial evidence and that the ALJ's reasons for rejecting Lahman's MRFC assessment were specific and legitimate.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Appellant indicates that an inability to work is an element of a GAF rating of 40. However, inability to work is only one example of the level of adaptation meriting such a rating