91 F.3d 144
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Brian RUTTER, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY*,
Defendant-Appellee.
 No. 95-1581.
 United States Court of Appeals, Sixth Circuit.
 July 15, 1996.
 
 Before: SILER and BATCHELDER, Circuit Judges; CARR, District Judge.[1]
 SILER, Circuit Judge.
 
 
 1
 Plaintiff, Brian Rutter, appeals the decision affirming the Secretary's denial of his application for disability insurance benefits and supplemental security income (SSI) under the Social Security Act. Rutter contends that the Secretary's decision is not supported by substantial evidence. For the reasons stated herein, we affirm the district court's judgment for the Secretary.
 
 I.
 
 2
 In 1991, Rutter applied for disability benefits and SSI alleging disability beginning June 27, 1989, due to chronic back pain, depression and alcoholism. The Administrative Law Judge (ALJ) found that Rutter had some low back pain, with some evidence of a bulging disc but no evidence of neurologic deficits. The ALJ also completed a Psychiatric Review Technique Form finding Rutter had dysthymia with some evidence of anxiety, a diagnosed personality disorder and a history of alcohol abuse, but he did not have an impairment or combination of impairments that would meet or equal the Listing of Impairments defined at Appendix 1 to Subpart P of the Social Security Administration Regulations No. 4. 20 C.F.R. § 404.1520(d). The ALJ found Rutter's complaints concerning his impairments and their effects upon him were not credible nor were they adequately supported to the degree of severity alleged. The Appeals Council affirmed.
 
 
 3
 After Rutter instituted the instant action for judicial review of the Secretary's decision, the district court affirmed the Secretary's decision denying benefits.
 
 II.
 
 4
 This court is limited to a very narrow scope of review in this case. Pursuant to 42 U.S.C. § 405(g), the Secretary's decision must be affirmed if it is supported by substantial evidence. " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Young v. Secretary of Health & Human Servs., 925 F.2d 146, 147 (6th Cir.1990) (citations omitted). To determine whether the Secretary's findings are supported by substantial evidence, the record must be taken as a whole, "including 'whatever in the record fairly detracts from its weight.' " Mulle v. Bowen, Secretary of Health & Human Servs., 800 F.2d 535, 545-46 (6th Cir.1986) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)).
 
 
 5
 Rutter argues that the Secretary failed to lawfully evaluate his psychiatric condition. Specifically, he contends that Dr. Ahmed diagnosed him with alcohol dependency, dysthymia, and a personality disorder. Dr. Ahmed made a "guarded" prognosis and assigned a GAF reading of 30-33. Rutter argues that the only possible conclusion based on Dr. Ahmed's findings was that he was totally disabled.
 
 
 6
 A GAF score is a subjective determination which represents "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Assoc., Diagnostic and Statistical Manual of Mental Disorders (DSM-IV), (4th ed. 1994), p. 30. The GAF score is taken from the GAF scale which "is to be rated with respect only to psychological, social, and occupational functioning." Id. The GAF Scale ranges from 100 (superior functioning) to 1 (persistent danger of severely hurting self or others OR persistent inability to maintain minimal personal hygiene OR serious suicidal act with clear expectation of death). Id.
 
 
 7
 According to the GAF Scale, Dr. Ahmed's assigned score would indicate either "[s]ome impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations judgment, thinking, or mood (e.g., depressed man avoids friend, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home, and is failing at school)." DSM-IV at p. 32. However, Dr. Ahmed does not indicate which his score reflects, "Some impairment" or "Major impairment."
 
 
 8
 Rutter would have this court make a determination of disability based solely on the unsupported, subjective determination of Dr. Ahmed's GAF score. However, "the determination of disability must be made on the basis of the entire record and not on only some of the evidence to the exclusion of all other relevant evidence." Hardaway v. Secretary of Health & Human Servs., 823 F.2d 922, 927 (6th Cir.1987) (citation omitted).
 
 
 9
 Dr. Ahmed's report states that Rutter still goes hunting and fishing. He cares for his young son, washes dishes, takes out the trash and cooks. He visits friends and relatives and goes shopping once a week. He is in good contact with reality, but his self-esteem is low. His speech is only mildly sluggish and rambling but there was no gross disorganization. Dr. Ahmed found no evidence of hallucinations, delusions, persecutions or obsessions. Rutter feels worthless but not suicidal. His emotional reaction was found only to be mildly blunted and he was somewhat anxious. He was correctly oriented as to time and place.
 
 
 10
 Dr. G.A. Richardson performed a Mental Residual Functional Capacity Assessment of Rutter. He did not find Rutter to be "markedly limited" in any area. Dr. Richardson found Rutter to only be "moderately limited" in a few areas. In all other areas of the five categories (Understanding and Memory; Sustained Concentration and Persistence; Social Interaction and Adaption), Rutter was found to be either "not significantly limited" or "no evidence of limitation in this category."
 
 
 11
 Dr. H.C. Tien prepared a summary to the Functional Capacity Assessment conducted by Dr. Richardson and made the following conclusions:
 
 
 12
 (a) Understanding and Memory: mild to moderate limitations, due to mental depression and alcohol/drug abuse.
 
 
 13
 (b) Sustained Concentration and Persistence: moderate, due to depressive episodes associated with alcoholic episodes.
 
 
 14
 (c) Social Interaction: mild to moderate limitations, mostly mild, ADL not restricted significantly, socializes; and visits friends and relatives.
 
 
 15
 (d) Adaptation: mild to moderate limitations, mostly mild, due to alcohol/drug abuse; depending on nature of work.
 
 
 16
 Dr. Tien recommended vocational denial.
 
 
 17
 Rutter successfully completed approximately a year of alcohol abuse treatment and had continued to abstain from alcohol use for about six months at the time of his hearing before the ALJ. He testified that his anxiety and his pain had been controlled by medication.
 
 
 18
 Substantial evidence does not support Rutter's claims of disability. Since 1989, Rutter has seen no fewer than eleven doctors for his complaints of back pain. These doctors have conducted numerous x-rays, MRIs, CT scans, electrodiagnostic studies and other tests of his back. These tests have revealed only mild degenerative changes and mild disc bulging. Although an MRI showed small disc herniations and mild disc bulging, the other reports indicate that these changes had mild to very minimal effect and his lumbar spine showed normal otherwise. Further, Dr. Jakubiak and Dr. Fairfax stated that these were not the source of any of Rutter's alleged symptoms. While Rutter's doctors have acknowledged his subjective complaints of pain, they consistently concluded that he was not suffering from any severe back ailment. His doctors placed restrictions upon heavy lifting and repetitive back bending and twisting, but none found his condition constitutes a disabling impairment that would prevent him from doing all work. They also did not place any severe restrictions on his work activities.
 
 
 19
 Rutter's claim that his alleged disabling mental condition is supported by Dr. Ahmed's assigned GAF score is without merit. This score is inconsistent with Dr. Ahmed's findings in his report. Further, the score is inconsistent with the findings of the two other mental health experts, Drs. Richardson and Tien.
 
 
 20
 Rutter's complaints of disabling pain are not supported by the medical evidence. His own doctors were unable to find an objective medical reason for his claimed symptoms. The medical tests also do not support his claims. Further, despite his testimony that he suffers from debilitating pain, Rutter still drives a standard shift vehicle;[2] goes shopping once a week; goes hunting and fishing; visits his grandmother and friends; does some household chores; cares for his two-year-old son; and attends to his personal needs unassisted.
 
 
 21
 "Resolution of conflicting factual assertions is peculiarly suited to the adjudicator able to gauge the demeanor of the witnesses. Central to the resolution of the case is the sincerity of claimant." Kirk, 927 F.2d at 537.
 
 
 22
 The Secretary's decision is supported by substantial evidence.
 
 
 23
 AFFIRMED.
 
 
 
 *
 Pursuant to the Social Security Independence and Programs Improvements Act of 1994, Pub.L. No. 103-296, § 106(d), 108 Stat. 1464, 1476 (1994), the Commissioner of Social Security has been substituted for the Secretary of Health and Human Services. This change has been noted only in the caption
 
 
 [1]
 The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [2]
 In Blancha v. Secretary of Health & Human Servs., 927 F.2d 228 (6th Cir.1990), this court noted as "especially significant" the claimant's ability to drive as suggesting that the claimant "had relatively good use of his arms and was capable of turning his neck." Id. at 231. Rutter drives a standard shift vehicle which suggests that not only does he have "relatively good use of his arms" and is "capable of turning his neck," he also has relatively good use of his legs and lower back