

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-24-2002

# Lloyd v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1498

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Lloyd v. Comm Social Security" (2002). *2002 Decisions.* Paper 605.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/605

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 02-1498
_____

NORMAN LLOYD,
                    Appellant

                v.

       *JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

      *(Pursuant to F.R.A.P. 43(c))
_____


On Appeal from the United States District Court
   for the Eastern District of Pennsylvania
         (D.C. Civil No. 01-cv-01337)
   District Judge:  Honorable Louis H. Pollak
_____


      Submitted Under Third Circuit LAR 34.1(a)
              on September 9, 2002

   Before:  SLOVITER, RENDELL and FUENTES, Circuit Judges.

   (Filed:      September 24, 2002                )
_____


              OPINION OF THE COURT
_____


RENDELL, Circuit Judge.


     Norman Lloyd appeals from an order entered in the District Court on February 7, 2002 granting the Commissioner of Social Security's (the "Commissioner") motion for remand to the Administrative Law Judge for further development of the record.  Lloyd argues that the District Court erred in remanding his case to the ALJ because he is entitled to social security benefits as a matter of law.  We find that the District Court did not abuse its discretion in ordering remand and will therefore affirm.

     Lloyd served in the United States Army from 1969 until August 30, 1998, most recently as a recruiter.   He retired in 1998 because the military determined he was disabled and could not be retrained.  His most serious physical condition is type II diabetes mellitus; he has also been diagnosed with depression by numerous doctors.

     Lloyd was diagnosed with major depression in January 1998 by Marguerite G. Larson, M.D., who determined that his Global Assessment of Functioning ("GAF") was 70.  Upon later evaluation in April 1998, Dr. Larson found a GAF of 41.  In October 1998, Justin Chura, whose credentials are unknown, performed a mental health intake evaluation for the Veterans Administration; he diagnosed Lloyd with major depression and a GAF of 55.  Following the intake, Psychiatrist Han Liem, M.D. concluded that Lloyd was suffering from major depression and had a GAF of 45.  In January and February of 1999, when Dr. Liem again saw Lloyd, he found Lloyd's GAF to be 40.

     In April 1999, a state psychological consultant performed a Mental Residual Capacity Assessment on Lloyd.  The consultant found that Lloyd retained the mental capacity to perform unskilled, routine work and that he could maintain a job if it was less

stressful than his position as recruiter.  In June of that same year, Edward J. Swanton, M.D. performed a psychiatric evaluation on Lloyd at Walter Reed Army Medical Center. Lloyd reported to Dr. Swanton that he was depressed and lacked motivation.  Although Dr. Swanton found Lloyd to suffer from a major depressive disorder, he also determined that Lloyd was goal-directed and that his thought processes were linear and rational.  Dr. Swanton assessed Lloyd as having a GAF of 50.

John Gavazzi, Psy.D., completed a Mental Residual Functional Capacity Assessment of Lloyd in November 1999 and found that although Lloyd's social skills were reduced, he could still communicate and relate to others and respond to authority. Additionally, he found that Lloyd could complete simple and routine work tasks.

On March 12, 1999, Lloyd applied for disability insurance benefits, alleging that he was unable to work due to major depression, diabetes mellitus, migraine headaches, hypertension and patello femoral syndrome.  The Social Security Administration (the "Administration") denied his application in June 1999 and on reconsideration in November 1999.  Lloyd requested and was granted an administrative hearing.  On June 8, 2000, the Administrative Law Judge ("ALJ") issued a decision holding that Lloyd could perform light, unskilled work and was therefore not disabled.  Because the Appeals Council denied Lloyd's request for review, the ALJ's decision became the final decision of the Commissioner.

Lloyd commenced a civil action in the United States District Court for the Eastern District of Pennsylvania and moved for summary judgment that he was disabled and entitled to benefits, or, in the alternative, for remand with directions that the case be assigned to a different Administrative Law Judge.  Lloyd argued that the record as it stood entitled him to benefits as a matter of law.  The Commissioner moved to remand the case for further development of the record in accordance with  405(g).  In a report and recommendation issued on January 9, 2002, the Magistrate Judge found that substantial evidence supported the conclusion of the ALJ and recommended summary judgment for the Commissioner.  The District Court, considering the arguments made by Lloyd and the Commissioner and the recommendation made by the Magistrate Judge, denied Lloyd's motion for summary judgment and granted the Commissioner's motion to remand.  Lloyd appeals this determination.

The District Court had jurisdiction over this matter pursuant to 42 U.S.C.  405(g) and we have jurisdiction on appeal pursuant to 28 U.S.C.  1291 and 42 U.S.C. 405(g). We will review the remand order for abuse of discretion.  See Harman v. Apfel, 211 F.3d 1172, 1176,  1178 (9th Cir. 2000); Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000).

In reviewing the District Court's findings under the abuse of discretion standard, we must affirm the Court's holding unless its decision is based upon a factual error, an improper conclusion of law, or an inappropriate application of the controlling law to the facts.  Hanover Potato Products, Inc. v. Shalala, 989 F.2d 123, 127 (3d Cir. 1993) (quoting NLRB v. Frazier, 966 F.2d 812, 815 (3d Cir. 1992)).  We have also held that an abuse of discretion can occur when "no reasonable person would adopt the district court's view."  Id. (quoting Rode v. Dellarciprete, 892 F.2d 1177, 1182 (3d Cir. 1990)). Applying this standard, we find that the District Court did not abuse its discretion in remanding the case for further development of the record.  We will therefore affirm the order.

According to the Social Security Act, to claim disability insurance benefits a claimant must prove that he or she is unable to perform any "substantial gainful activity" due to a "medically determinable physical or mental impairment" and that such condition will result in death or can be expected to last or will last for twelve or more months.  42 U.S.C.  423(d)(1)(A); Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001).  The Administration has put forth a five-step process for evaluating disability claims.  Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Welch v. Heckler, 808 F.2d 264, 268-69 (3d Cir. 1986); 20 C.F.R.  404.1520 (1999).  Under this test, the Commissioner must determine sequentially (1) whether the claimant is currently involved in any "substantial gainful activity," (2) if the claimant has a significant impairment that prohibits the claimant from performing general work tasks, (3) whether the claimant's condition is listed in the "listings of impairments" contained in 20 C.F.R. pt. 404, subp. P, app. 1 (1999), which would result in a presumption of a disability, (4) whether the claimant can perform the type of work conducted in the past, and (5) if the claimant cannot perform

his past work, whether the claimant can perform any other work in the national economy. Sykes, 228 F.3d at 262-263. The claimant must prove steps one through four. Id. at 263. If the claimant meets this burden, the burden of proof then shifts to the Commissioner in step five to show that the claimant could attain substantial gainful employment that exists in the national economy. Id; Stunkard v. Secretary of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988).

Before the District Court, the Commissioner argued that remand was appropriate because the administrative record does not contain sufficient evidence to determine whether Lloyd meets the requirements of the five-step test. The Court agreed and ordered the case remanded. We agree with the District Court. The medical evidence does not clearly state whether Lloyd's physical and mental conditions were so severe as to prevent him from securing any substantial gainful employment. Several doctors examined Lloyd and came to different conclusions concerning his ability to work. The record does not make clear the weight that the ALJ placed on the medical testimony. It is therefore impossible for the Court to determine if the ALJ based her opinion on substantial evidence. Because the District Court has no fact-finding role in reviewing social security disability cases, Grant v. Shalala, 989 F.2d 1332, 1338 (3d. Cir. 1993) (quoting Hummel v. Heckler, 736 F.2d 91, 93 (3d. Cir. 1984)), the Court may only rely on the administrative record. The District Court properly found that the record required further development.

It is unnecessary for us to determine whether Lloyd should be entitled to disability benefits or to examine all the evidence on record. We need only decide if a reasonable person could adopt the view of the District Court. Enough questions exist in the record to warrant remand. Because the District Court did not base its decision on an erroneous finding of fact or conclusion of law, nor did it misapply the law to the facts, we find the District Court did not abuse its discretion.

Accordingly, we will AFFIRM the District Court's order.

_____

TO THE CLERK OF COURT:
Please file the foregoing Not Precedential Opinion.


/s/Marjorie O. Rendell

_____

Circuit Judg