Otis HILLMAN Appellant

v.

Jo Anne B. BARNHART, Commissioner of Social Security Administration

No. 02–1416.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) Sept. 10, 2002.

Filed Sept. 26, 2002.

Before SLOVITER, RENDELL, FUENTES, Circuit Judges.

## OPINION OF THE COURT

FUENTES, Circuit Judge.

Appellant Otis Hillman appeals an Order of the U.S. District Court for the Western District of Pennsylvania, upholding the decision of the Administrative Law Judge (ALJ) to deny Hillman's claim for disability insurance benefits. Hillman contends that the District Court erred in concluding that the ALJ's findings were supported by substantial evidence. Because we agree that the ALJ's findings were supported by substantial evidence, we affirm the Order of the District Court.

## I.  Facts and Procedural History

Otis Hillman, a Vietnam veteran with a history of alcohol abuse, filed an application for disability insurance benefits (DIB) on July 27, 1990, alleging disability due to alcoholism. On January 24, 1992, an ALJ issued a favorable decision based on Hillman's severe alcohol abuse, and Hillman began to receive benefits. On March 29, 1996, Congress amended the Social Security Act to preclude the award of benefits to claimants who were disabled by alcoholism or drug addiction. *See* Pub.L. No. 104–121, § 105, 110 Stat. 847, 852 (1996) (codified as amended 42 U.S.C. § 423(d)(2)(C)). On June 12, 1996, pursuant to these changes, the Social Security Administration (SSA) notified Hillman that his benefits would be terminated effective January 1, 1997, because his prior favorable decision was based on alcoholism.

Hillman requested review of this determination, contending that he was disabled due to diabetes, poor vision, bad feet, and trouble with walking and standing. The SSA denied Hillman's request for redetermination. Hillman then requested a hearing before an ALJ, and an ALJ held a hearing on June 18, 1998. The ALJ listened to testimony from Hillman and a vocational expert and considered documentary evidence, including Hillman's medical records. The ALJ issued a decision concluding that Hillman was not entitled to benefits because alcohol abuse was material to the determination of disability and because, if Hillman stopped using alcohol, he could perform a significant number of jobs in the local and national economies.

Hillman filed a request for review of the ALJ's decision on September 4, 1998. On September 29, 2000, the Appeals Council denied the request for review, making the ALJ's decision the final decision of the Commissioner of the Social Security Administration. Hillman then sought judicial review of the Commissioner's final decision in the United States District Court for the Western District of Pennsylvania. The Parties filed cross motions for summary judgment and on January 3, 2002, the District Court granted the Commissioner's motion for summary judgment, thereby affirming the Commissioner's final decision. Hillman now appeals the decision of the District Court.

## II.  Jurisdiction and Standard of Review

The District Court exercised jurisdiction over Hillman's request for review of the Commissioner's denial of benefits pursuant to 42 U.S.C. § 405(g). Because the District Court's Order was a final judgment that disposed of all of the Parties' claims, we exercise jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291.

We review de novo the issue of whether the Commissioner's denial of benefits was supported by substantial evidence. *See Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir.1999) (stating that "[t]he role of this Court is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision.") Substantial evidence "does not mean a large or significant amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir.1999) (citing *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). "We will not set aside the Commissioner's decision if it is supported by substantial evidence, even if we would have decided the factual inquiry differently." *Hartranft*, 181 F.3d at 360 (citations omitted).

## III. Discussion

Hillman argues that the District Court erred in affirming the decision of the ALJ because that decision was not supported by substantial evidence. He alleges that the ALJ committed numerous mistakes in reaching a final decision. First, Hillman contends that the ALJ failed to recognize his diabetes as a serious impairment. Second, he claims that the ALJ erred in finding his testimony to be incredible. Third, he asserts that the ALJ committed an error in concluding that he retains the residual functional capacity (RFC) to perform work at the medium level of exertion. Finally, Hillman alleges that the ALJ neglected to recognize that he suffers from a disability independent of his problems with alcohol.

### A. *Diabetes and Other Conditions*

■ In support of his claim of a disability due to diabetes, Hillman points to his medical records from Veterans' Administration hospitals. The medical records indicate that Hillman suffers from poor vision as well as peripheral neuropathy and vascular disease. However, the ALJ correctly ruled that these impairments were "not severe" as the evidence of record failed to support the claim that these impairments restricted Hillman's ability to perform basic work activities.

The ALJ properly accounted for Hillman's diminished visual capacity in his RFC determination that Hillman could perform work at the medium level of exertion. Despite complaints about his vision, Hillman admitted to the ALJ that he had not had a recent eye examination. In addition, while his medical records indicate that Hillman complained of poor and blurry vision, they also indicate that Hillman recently had lost his bifocals.

In regard to his stated problems with walking and dexterity, doctors at the VA Hospital did not indicate that Hillman's peripheral neuropathy interfered with his ability to work. The doctors noted that Hillman complained of foot pain and that they instructed him on proper foot care and hygiene, particularly special skin care for diabetics. Hillman also complained to his doctors of coughing and shortness of breath in the past but later told them that his symptoms had markedly improved since he decreased his smoking. Based on the record evidence before the ALJ, the conclusion that Hillman failed to prove his diabetic condition qualified as a disability was supported by substantial evidence.

### B. *Hillman's Credibility*

■ Hillman testified in his hearing before the ALJ about the severity of his symptoms; however, the ALJ found Hillman's testimony to be incredible. The ALJ must "determine the extent to which a claimant is accurately stating the degree

of pain or the extent to which he or she is disabled by it." *Hartranft*, 181 F.3d at 362 (3d Cir.1999). In assessing Hillman's credibility, the ALJ found many inconsistencies between his testimony and the record evidence. The ALJ specifically noted that:

His testimony contained many inconsistencies. Irrespective of his representations regarding alcohol consumption, he was involuntarily committed to treatment on February 23, 1998, because of excessive alcohol abuse. When asked about his vocational placement and training program at the Veteran's Administration, the claimant testified that he completed the program. Upon further inquiry pertaining to the entry which indicated he tested positive or that a "dirty urine" was detected, the claimant simply denied the incident and failed to offer any further explanation. However, the record is very clear on this issue and unambiguously recorded the claimant's positive testing, stating that as a result thereof, his CWT/TR was discontinued due to his alcohol relapse. He also testified to experiencing flashbacks to Vietnam, contrary to the reports of his mental status examination of September 1997, wherein he denied any nightmares or flashbacks.

Given the numerous inconsistencies between Hillman's testimony and the record evidence, we cannot say that the ALJ erred in concluding that Hillman's complaints were not entirely credible.

## C. *Medium Level of Work*

■ Hillman's argument that he does not retain the residual functional capacity to perform work at the medium level of exertion also fails. A state agency expert performed a RFC assessment on Hillman and concluded that he could perform medium work in a location free of fumes, dusts, gases, and poor ventilation. This assessment was the only one presented to the ALJ. In addition, from September 1997 through February 1998, Hillman participated in a full-time work program and complained of minimal symptoms related to his diabetes and other conditions, indicating that he could perform basic work activities despite his medical problems. We find sufficient evidence in the information presented to the ALJ to support the ALJ's conclusion that Hillman retained the RFC to perform at the medium level of exertion.

## D. *Disability Due to Alcoholism*

■ Hillman alleges that the ALJ committed an error in concluding that Hillman was disabled only by his alcohol abuse. As noted above, Hillman participated in a full-time work program and complained of minimal symptoms related to his diabetes and other conditions while involved in the program. One of the rules of the program required that all participants remain drug and alcohol free. The administrators of the program discharged Hillman after he failed a random drug/alcohol urine screen. During the months he remained alcohol free, Hillman's attendance and punctuality were consistent, he completed his tasks in a satisfactory manner, and the administrators of the program received no complaints from his supervisors.[1] The ALJ's determi-

---

1. Hillman contends that the ALJ failed to consider a vocational expert's testimony that a person with a Global Assessment of Functioning (GAF) score of 35 could not perform substantial gainful activity. At one point, a healthcare worker assessed Hillman with a GAF score of 35. However, the healthcare worker estimated this GAF score just after Hillman had been admitted to a facility for alcohol detoxification. When Hillman refrained from abusing alcohol, even for a limited period, his GAF score rose to 50, a score which indicates he could perform some substantial gainful activity and lends further sup-

nation that Hillman was disabled only by his alcoholism, and not by any other conditions, was supported by substantial evidence.

### IV. Conclusion

Accordingly, for the reasons stated above, we affirm the judgment of the District Court.

port to the ALJ's conclusions that most of Hillman's problems stemmed from alcoholism.