**Michel M. JONES, Plaintiff,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant.**

**Civil Action No. 06–G–1045–NE.**

United States District Court,
N.D. Alabama,
Northeastern Division.

June 25, 2007.

Darryl W. Hunt, Clark & James LLC, Birmingham, AL, for Plaintiff.

Edward Q. Ragland, U.S. Attorney's Office, Birmingham, AL, Stephen Thompson, Social Security Administration, Office of General Counsel, Atlanta, GA, for Defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

The plaintiff, Michael[1] M. Jones, brings this action pursuant to the provisions of

---

1. While the pleadings in this case are styled "Michel M. Jones," it is clear from a review of the record that the plaintiff's first name is "Michael."

section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security benefits. Plaintiff timely pursued and exhausted his administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth*, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish his entitlement for a period of disability, a claimant must be disabled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months...." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). For the purposes of establishing entitlement to disability benefits, physical or mental impairment is defined as "an impairment that results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R. § 404.1520(a)-(f). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

(3) whether her impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir.1993); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir.1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope* at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir.1995). The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers. *Id.*

In the instant case, ALJ Earl C. Cates determined the plaintiff met the first two tests, but concluded that while the plaintiff's mild retardation is a "severe" impairment, it did not meet or medically equal a listed impairment. The ALJ found the plaintiff able to perform his past relevant work, and, therefore, was not disabled within the meaning of the Act.

## WHEN THE CLAIMANT HAS MULTIPLE IMPAIRMENTS

When a claimant has multiple impairments they must be considered in combination.

> [A] claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling. In such instances, it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled.

*Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir.1984).

## DISCUSSION

■ The plaintiff claims disability under Listings 12.05C and 12.05D. Listing 12.05C requires that the claimant have "A valid verbal, performance, or full-scale I.Q. of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function." *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir.1993)(quoting Listing 12.05C). When considering whether the plaintiff has a physical or mental impairment imposing significant work-related limitation of function in addition to a low verbal scale I.Q., the Commissioner must consider the plaintiff's impairments in combination. *Davis* 985 F.2d at 533. The issue of what constitutes "a physical or other mental impairment imposing additional and significant work-related limitation of function" was addressed in *Edwards by Edwards v. Heckler*:

> An impairment imposes significant limitations when its effect on a claimant's ability to perform "basic work activities" is more than slight or minimal. The question under Listing 12.05C, however, is not whether the impairment is in and of itself disabling, thus, "significant" requires something less than severe

within the meaning of § 404.1520(c) [of the Commissioner's Regulations].

755 F.2d 1513, 1515 (11th Cir.1985)(considering whether the presence of chronic obstructive lung disease and exercise induced asthma provided a sufficient additional impairment to meet the second prong of Listing 12.05C.). The second part of the Listing, therefore, imposes a less stringent requirement than that imposed by 20 C.F.R. § 404.1520(c). Section 404.1520 sets forth the five-step sequential process by which a claimant's disability is evaluated. Section 404.1520(c) defines "severe impairment" to require that the impairment or combination of impairments significantly limit the claimant's physical or mental ability to do basic work activities.

■ In addition to a valid I.Q. score meeting the requirements of Listing 12.05C, a plaintiff must also satisfy the diagnostic description in the introductory paragraph of Listing 12.05C. Listing 12.00A ("If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that your impairment meets the listing.") The introductory paragraph to Listing 12.05C is as follows:

> Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

Therefore, a claimant must have manifested "significantly subaverage general intellectual functioning with deficits in adaptive functioning" prior to the age of 22 in order to meet Listing 12.05C. In this circuit, it is presumed that a persons I.Q. remains fairly constant throughout his life and a valid

I.Q. test meeting the Listing criteria creates a rebuttable presumption that the condition manifested itself before age twenty-two. *Hodges v. Barnhart,* 276 F.3d 1265, 1268–69 (11th Cir.2001). The *Hodges* court recognized that although this circuit had not formally recognized this presumption, it had been implicitly recognized in *Lowery v. Sullivan,* 979 F.2d 835, 837 (11th Cir.1992), that when a claimant presents a valid I.Q. score meeting the Listing criteria, he is presumptively disabled under the Listing if the other requirements of the Listing have been met. *Hodges,* 276 F.3d at 1269.

■ The record reflects that the plaintiff was tested for intelligence in grade school. Decatur City Schools records show the plaintiff's intelligence as of September 8, 1992, when he was 10–years old:

| Verbal | Performance | Full Scale |
| --- | --- | --- |
| 70 | 71 | 69 |

[R. 120]. On February 23, 2004, Barry Wood, Ph.D., the Commissioner's consulting psychologist, conducted a Wechsler Adult Intelligence Scale Third Edition (WAIS–III), which rendered the following results:

| Verbal | Performance | Full Scale |
| --- | --- | --- |
| 69 | 69 | 66 |

[R. 154]. Dr. Wood opined that these results "suggest his Full–Scale IQ falls at the higher extreme of the range of Mild Mental Retardation" (DSM–IV). [R. 154]. The ALJ found that while the plaintiff's valid full scale I.Q. score of 66 meets the first prong of 12.05C, he "does not have an additional mental or physical impairment which is required in order to meet the criteria of the second prong under this section." [R. 16–17]. This conclusion is not supported by substantial evidence.

Dr. Wood's consultative mental examination also assessed the plaintiff as having a Global Assessment of Functioning of 50. [R. 157]. The Global Assessment of Functioning (GAF) Scale is used to report an individual's overall level of functioning. *Diagnostic and Statistical Manual of Mental Disorders* 30 (4th Edition) ("DSM–IV"). A GAF of 41–50 indicates: "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." DSM–IV at 32. Several courts of appeal have, in unpublished or nonprecedential opinions, considered the impact of a claimant's GAF score of 50 or below. The courts generally find that a GAF score of 50 or below is not in and off itself determinative of disability. *See Hillman v.Barnhart,* 48 Fed.Appx. 26, 30, n. 1 (3rd Cir.2002)(not precedential)(noting that a GAF of 50 would indicate a claimant could perform some substantial gainful activity); *Rutter v. Comm'r of Soc. Sec.,* 91 F.3d 144 (Table), 1996 WL 397424 at *2 (6th Cir.1996)(unpublished opinion)(exclusive reliance on GAF score not appropriate); *Roemmick v. Shalala,* 59 F.3d 176 (Table), 1995 WL 299894 at *2, n. 1 (9th Cir.1995)(noting that an inability to work is only one example of the level of adaptation meriting a GAF of 40); *Seymore v. Apfel,* 131 F.3d 152 (Table), 1997 WL 755386 at *2 (10th Cir.1997)("Contrary to claimant's contention, a GAF rating of 45 may indicate problems that do not necessarily relate to the ability to hold a job; thus standing alone without further narrative explanation, the rating of 45 does not evidence an impairment seriously interfering with claimant's ability to work."); *Stalvey v. Apfel,* 242 F.3d 390 (Table), 2001 WL 50747 at *2 (10th Cir.1999)("The GAF is not an absolute determiner of ability to work."). *But cf. Lloyd v. Barnhart,* 47 Fed.Appx. 135, 135, n. 2 (3rd Cir.2002)(not precedential) (noting that a vocational expert at the administrative hearing testified that a GAF of 50 or lower would indicate claimant would not be able to keep a job).

The ALJ gave little weight to Dr. Wood's opinion because it "appears to contain inconsistencies." [R. 18]. However, the ALJ failed to articulate any of these apparent inconsistencies. Moreover, Dr. Wood's report is the only medical opinion contained in the record regarding the plaintiff's mental impairments. An ALJ may not arbitrarily reject uncontroverted medical evidence. *Walden v. Schweiker,* 672 F.2d 835, 839 (11th Cir.1982). In rejecting Dr. Wood's opinion, the ALJ "succumbed to the [forbidden] temptation to play doctor and make [his] own independent medical findings." *Rohan v. Chater,* 98 F.3d 966, 970 (7th Cir.1996). As such, the ALJ's finding that the plaintiff did not meet the second prong of 12.05C is not supported by substantial evidence. Because the plaintiff meets the Listing of 12.05C, he is disabled within the meaning of the Act. Once a claimant is found to suffer from a Listed impairment, vocational factors are irrelevant. *Ambers v. Heckler,* 736 F.2d 1467 (11th Cir.1984)(fact that claimant could return to her past work held irrelevant once she met one of the Listings). However, the court notes that at the hearing, the vocational expert testified a persistent GAF of 50 "would rule out even unskilled jobs." [R. 232].

The plaintiff is also disabled under Listing 12.05D. The ALJ found that the plaintiff does not have marked restriction of activities of daily living, marked difficulties in maintaining social functioning, marked difficulties in maintaining concentration, persistence or pace, or repeated episodes of decompensation, each of extended duration. [R. 17]. This finding completely ignores the testimony of the plaintiff's mother, who testified that the plaintiff is paranoid, makes her afraid for her physical safety, has trouble with anger, and has trouble getting along with people. [R. 220–226]. "Lay witnesses who know a claimant well may provide an important source of evidence to demonstrate the claimant's disability." *Brown v. Shalala,* 44 F.3d 931, 936 (11th Cir.1995). The ALJ made no credibility finding as to the plaintiff's mother's testimony, and gave no reasons for ignoring it or assigning it little or no weight. His failure to do so is, in effect, an acceptance of the testimony as credible; therefore, his finding that the plaintiff does not meet Listing 12.05D is not supported by substantial evidence.

## CONCLUSION

In order to find the plaintiff not disabled in the present case, the ALJ rejected the opinion of the only psychological specialist who examined the plaintiff, and ignored the lay testimony of the plaintiff's mother. His finding that the plaintiff's cognitive limitations would not prevent him from performing his past relevant work is contrary to the opinion of that specialist, and is not supported by substantial evidence. Therefore, based upon the uncontradicted opinions of Dr. Wood, the testimony of the plaintiff's mother, and the testimony of the VE, the plaintiff is disabled within the meaning of the Social Security Act.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED.

## *FINAL ORDER*

In conformity with and pursuant to the memorandum opinion entered contemporaneously herewith, it is

ORDERED, ADJUDGED and DECREED that the decision of the Commissioner of the Social Security Administration is hereby REVERSED, and the case is REMANDED to the Commissioner with instructions that the plaintiff be awarded the benefits claimed. It is

FURTHER ORDERED that the Commissioner withhold from payments that are determined to be due the plaintiff under

this order an amount not to exceed 25 percent of the total amount of disability benefits to which the plaintiff is entitled, pursuant to the provisions of 42 U.S.C. § 406(b). The Commissioner is directed to advise the court of the amount withheld so that the matter may be set for final determination of the amount of attorney's fee to be allowed plaintiff's counsel for services rendered in representing plaintiff in this cause.

It is further ORDERED pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, that plaintiff's attorney is hereby granted an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration. *This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.*

DONE and ORDERED.